[Civ. No. 2961. Third Appellate District.—February 5, 1926.]

CHARLES L. LEMM et al., Respondents, v. GEORGE RUTHERFORD, Appellant.

[1] WATERS AND WATER RIGHTS—IRRIGATION DITCHES—EASEMENTS—DIVERSION OF WATERS BY ADJOINING LAND OWNER.—A land owner has no right to sink a well or sump so near an irrigation ditch belonging to another extending across his land that his water supply would be practically all taken from the waters flowing in said ditch.

---

(1) 40 Cyc., p. 627, n. 29, p. 829, n. 4.

APPEAL from an order of the Superior Court of Shasta County granting a temporary injunction. Walter E. Herzinger, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carter & Smith for Appellant.

Carr & Kennedy for Respondents.

PLUMMER, J.—This is an appeal from an order of the superior court granting a temporary injunction. The plain-

1. See 26 Cal. Jur. 264.

tiffs set forth in their complaint that they are the owners
of certain lands situate in the county of Shasta, comprising
about 553 acres, and that they and their predecessors in in-
terest for more than fifty years have been the owners of
a certain water ditch taking water out of a certain stream
known as Cow Creek; that the water belonging to the plain-
tiffs is taken at a point on said creek and carried thence in a
ditch in a general westerly direction parallel to said stream
over and to the lands of the plaintiffs hereinbefore referred
to and there used for irrigation purposes; that said water
ditch in its course passes along and over a certain tract of
land belonging to the defendant before reaching the lands
belonging to the plaintiffs; that the plaintiffs have acquired
and own the right to conduct said water in said ditch from
said Cow Creek to their lands in the ditch above mentioned;
that a short time preceding the commencement of this action
the defendant on the lands and premises belonging to him
and at a point about thirty-three feet from the water ditch
belonging to the plaintiffs sunk a sump or well eight feet in
depth, three sides of said well or sump being eight feet
and the fourth side thereof about nine feet in dimensions;
that after said well was dug only a trifle of water appeared
in the lowest places therein; that within about twenty-four
hours after water was turned into the ditch belonging to the
plaintiffs for the purposes of conducting water from Cow
Creek to their lands and premises to be used for irrigation
purposes, the water in the well or sump dug by the de-
fendant increased to a depth of about four feet; that the
defendant installed a pump in said well and was proceeding
to pump water therefrom until a temporary restraining order
was issued herein; that an order to show cause why a tem-
porary injunction should not be issued pending the trial
was made and upon the hearing upon such order to show
cause a temporary injunction was issued in this action, re-
straining the defendant from pumping water from said well
until the final order of the court. It is from this tem-
porary injunction that the defendant appeals.

There seems to be no controversy in the testimony that
practically all water in the well withdrawn by the de-
fendant's act came directly from the water flowing through
the plaintiffs' ditch. The argument presented by the ap-

pellant in this case, admitting the taking of the water to be as above stated, is to the effect that the defendant, as the owner of the land in question, is the owner of all the percolating water therein and that as the water from plaintiffs' ditch comes to the well dug by the defendant underneath the surface, the defendant is entitled to withdraw therefrom all the water that may be found therein for the purpose of irrigating his own land. In support of this contention, a large number of California cases having to do with percolating waters are presented for our consideration.

On the part of the respondent it is first contended that the granting of a temporary injunction is largely discretionary with the trial court and should not be interfered with; secondly, that the plaintiffs are the owners of an easement over the defendant's lands to the extent that plaintiffs are entitled to have the percolating and seepage waters remain undisturbed along the lines of its irrigation ditch for the purpose of supporting and maintaining the current of water flowing in said ditch and, also, further that the different cases relating to percolating waters, in the ordinary sense, where it is held that the owner of the soil is also the owner of all the water beneath the soil, are inapplicable. Passing by the question that the discretion of the trial court in issuing a temporary injunction should not ordinarily be interfered with, we will consider what appears to us to be the main question presented by the facts of this case. [1] Has a land owner a right to sink a well or sump so near an irrigation ditch belonging to another that it is reasonably apparent his water supply will be practically all taken from the waters flowing in said irrigation ditch? We think this question answers itself, and that under such circumstances cases having to do with ordinary percolating waters, in the true sense of the term, have no application. However, we will refer to a few of the leading cases in California, dealing with questions somewhat similar. In the case of *Katz* v. *Walkinshaw*, 141 Cal. 116, pages 128 and 129 of the main opinion written by Justice Shaw [99 Am. St. Rep. 35, 64 L. R. A. 236, 74 Pac. 766, 769], it will be noted that the rule laid down in the case of *Hanson* v. *Mc-Cue*, 42 Cal. 303 [10 Am. Rep. 299], relating to percolating waters and the subsequent cases following the McCue case are taken up, considered, and limited in their application. The

Walkinshaw case further holds that the law relating to percolating waters is very much limited and is governed largely by another rule, which is to the effect that one must so use his own property as not to injure that of another. In the Walkinshaw case the owner of land was enjoined from sinking wells and pumping water therefrom which materially interfered with and diminished the water supply in wells owned by an adjoining land owner. It is true that the waters used and proposed to be used by the parties enjoined was conducted away from the lands from which it was pumped. The complaint in the Walkinshaw case alleged "that the water was necessary for domestic use and irrigation on the lands on which they were situate; that the defendant, by means of other wells and excavations upon another tract of land in the vicinity prevented any water from flowing through the plaintiffs' wells to their premises, and that this was done by drawing off the water through the wells of the defendant, taking it to a distant tract, and there using it." The contention was made in the Walkinshaw case similar to the contention made here as to the rights of the defendant to percolating water. In speaking of this contention Justice Shaw said: "The idea that the doctrine contended for by the defendant is a part of the common law adopted by our statute, and beyond the power of the court to change or modify, is founded upon a misconception of the extent to which the common law is adopted by the statutory provisions, and a failure to observe some of the rules and principles of the common law itself." Mention is then made of conditions under which the principles enunciated by the common law of England are inapplicable, among which are the physical conditions of our state and also the fact that the rule of the common law is not to be applied where the reason for it utterly fails, and, further, "the true doctrine is, that the common law by its own principles adapts itself to varying conditions, and modifies its own rules so as to serve the ends of justice under the different circumstances, a principle adopted into our code by section 3510 of the Civil Code: 'When the reason of a rule ceases, so should the rule itself.'" We do not need to follow the reasoning of the Walkinshaw case further than as above stated to show that where the circumstances are such that the reason for the rule utterly ceases, it cannot be applied. In the case

of *Hudson* v. *Dailey,* 156 Cal. 617 [105 Pac. 748], opinion
by Justice Shaw, the supreme court considered a case involv-
ing the withdrawal of water by wells and pumps and thereby
depleting the quantity of water flowing into a near-by creek.
The trial court found there was a substratum of impervious
material under which water flowed and from which water
was taken by the defendant in connection with the water that
was drawn from the creek supplying the plaintiff. As to
this matter the opinion reads: ''But as the findings also, in
substance, declare that the pumping of the defendant does,
to a material extent, decrease the amount of water which the
plaintiff is able to divert from the creek and which she needs
for the irrigation of her land, the finding as to the lower
strata is immaterial. If the pumping by the defendant con-
stituted an unlawful diversion of water to which plaintiff was
entitled, it would be no defense that they also took other
water from another source.'' In the further consideration
of the facts presented in the Dailey case, the court came to
the conclusion that the defendant had an interest in the
water flowing in the creek and that the claims of the plain-
tiff were not paramount to the rights of the defendant
and it was upon this phase of the case that judgment was
rendered. Again, in the case of *Verdugo Cañon Water Co.*
v. *Verdugo,* 152 Cal. 655 [93 Pac. 1021], a case involving
the taking of subterranean waters by means of wells, opinion
by Justice Shaw, it is said: ''The continued presence in the
soil, sand, and gravel composing the bed of the stream of a
sufficient quantity of water to supply and support the sur-
face streams in their natural state, is essential to their ex-
istence and preservation, and the parties have as clear a
right to have this quantity remain underground for that
purpose as they have to the stream upon the surface; and
neither party should be permitted to decrease this necessary
quantity of underground water to the depletion of the sur-
face streams and the injury of those to whom it has been
assigned.'' The facts of that case are not the same exactly
as presented in this, but the principle announced is similar—
the right to the support to the water flowing in the ditch
afforded by the seepage water escaping therefrom into
the soil reasonably adjacent to the ditch. Here the defend-
ant by his action, as determined by the trial court, dug his
well so near the water ditch belonging to the plaintiffs as

to draw therefrom practically all of the water finding its way to his lands through the agency of an eight-foot well and a pumping plant. For all practical purposes, considering the juxtaposition of the well to the ditch, the suction-pipe of the pump might just as well have been inserted directly in the ditch belonging to the plaintiffs. We think the common law relating to percolating waters, as stated, where the circumstances show that real percolating waters are involved, have no bearing upon the issues in this case, and that the principle set forth in the Walkinshaw case and the two California cases, which we have cited following the Walkinshaw case, are the ones governing the conditions such as are here presented.

The order appealed from is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 6, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1926.